UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLOTTE MOHLER, et al., | ) | CASE NO. 1:22-CV-01106 |
| | ) | |
| Plaintiffs, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| vs. | ) | |
| | ) | |
| STRYKER CORPORATION, et al., | ) | |
| | ) | MEMORANDUM OPINION AND |
| Defendants. | ) | ORDER |

Before the Court is a Motion to Remand to State Court (ECF No. 5) filed by Plaintiffs Charlotte Mohler and Thomas Mohler ("Plaintiffs"), Defendant Howmedica Ostenics Corporation's ("HOC") opposition to Plaintiffs' Motion (ECF No. 8), and Plaintiffs' Reply Brief. (ECF No. 10). For the following reasons, Plaintiff's Motion is GRANTED.

## FACTUAL BACKGROUND

Plaintiffs filed suit in the Cuyahoga County Court of Common Pleas against Defendant Stryker Corporation ("Stryker") on August 27, 2021. (ECF No. 1-2, Complaint, PageID# 15, 17, ¶ 3). Plaintiffs joined HOC (referred to collectively with Stryker as "Defendants") on May 13, 2022. (ECF. No. 1-5, Third Amended Complaint, PageID# 49, 51, ¶ 10).

Plaintiffs allege that Defendants manufactured certain "defective spinal fusion hardware" (the "Device"), which was implanted into Ms. Mohler and left her "permanently disabled." (*Id.* at PageID# 52, ¶ 11). Ms. Mohler's surgeon later replaced the Device during a necessary revision procedure. (*Id.* at PageID# 53, ¶ 13). Plaintiffs' claims against Defendants include negligence, breach of implied warranties, manufacturer and product strict liability, violations of Ohio consumer protection law, and fraud. (*Id.* at PageID# 57–65).

Plaintiffs are Michigan citizens (*id.* at PageID# 51, ¶¶ 1–2), and Stryker is also a Michigan citizen for jurisdictional purposes (ECF No. 1, Notice of Removal, PageID# 3, ¶ 11).  Despite this commonality of citizenship, Defendants removed this case to federal court on June 22, 2023, asserting diversity jurisdiction under 28 U.S.C. §§ 1332 (*Id.* at PageID# 1).  Defendants ask this Court to rely solely on HOC's New Jersey citizenship, alleging that Plaintiffs have no colorable cause of action against Stryker; instead, Plaintiffs named Stryker solely to avoid this Court's diversity jurisdiction.  (*Id.* at PageID# 4, ¶¶ 15–16).  The "amount in controversy" requirement in 28 U.S.C. §§ 1332 is not at issue.  (ECF No. 1-5, PageID# 67–68; ECF No. 8, HOC Opposition to Plaintiffs' Motion to Remand, PageID# 2).

Plaintiffs' Motion to Remand argues that Stryker is an appropriately named defendant because: (1) Ms. Mohler's medical records identify the Device as a "Stryker implant" (*id.* at PageID# 137; ECF No. 5-1, PageID# 150); (2) Ms. Mohler's surgeon told her that Stryker manufactured the Device (ECF No. 5, PageID# 138); and (3) Stryker itself took responsibility for manufacturing the Device in correspondence with Plaintiffs' counsel, and did not identify another entity as being responsible for the Device's manufacture pre-suit.  (*Id.* at PageID# 139).

Defendant HOC opposes the Motion and argues that there is no basis for claims against Stryker, since: (1) Stryker neither manufactures nor sells the Device (ECF No. 8, PageID# 209); (2) HOC is Stryker's wholly-owned subsidiary (*id.*); and (3) Plaintiffs misattribute references to "Stryker" to Stryker Corporation instead of "Stryker Spine," an "unincorporated division" of HOC (*id.* at PageID# 210–11).  Plaintiffs' Reply Brief asserts that, even if HOC is the actual manufacturer of the Device, Stryker may nonetheless be held liable for Ms. Mohler's injuries under the apparent manufacturer doctrine.  (ECF No. 10, PageID# 228).

## DISCUSSION

### *Removal Jurisdiction and Remand*

A defendant may remove any civil action brought in state court "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). If a district court determines that it lacks subject matter jurisdiction, however, the court must remand the case. 28 U.S.C. § 1447(c). The party removing a case bears the burden of establishing jurisdiction. *Nowicki-Hockey v. Bank of Am., N.A.*, 595 F. App'x 420, 421 (6th Cir. 2014) (citing *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006)). Because removal jurisdiction implicates federalism concerns, removal statutes are strictly construed and "all doubts should be resolved against removal." *Mayes v. City of Flint*, 871 F.3d 437, 442 (6th Cir. 2017) (quoting *Harnden v. Jayco, Inc.*, 496 F.3d 579, 581 (6th Cir. 2007)).

Federal district courts have original jurisdiction over a civil action when both the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and is between "citizens of different States." 28 U.S.C. § 1332(a). Such diversity exists when no plaintiff is a citizen of the same state of any defendant. *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 492 (6th Cir. 1999).

### *Fraudulent Joinder*

"Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Id.* at 493 (quoting *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998)). "[T]he non-[re]moving party's motive for joining the non-diverse party to the lawsuit is 'immaterial to [this Court's] determination regarding fraudulent joinder.'" *Walker v. Philip Morris USA, Inc.* 443 F. App'x 946, 951 (6th Cir. 2011) (quoting *Jerome-Duncan, Inc. v. Auto-By-Tel, LLC*, 176 F.3d 904, 907 (6th Cir. 1999)). To establish

fraudulent joinder, the removing party must provide "sufficient evidence" that the "plaintiff could not have established a cause of action against [the] non-diverse defendant." *Id.* If the plaintiff has a "colorable basis" for recovering against the non-diverse defendant, then the removing party cannot meet its burden and this Court must remand the case back to state court. *Id.* According to the Sixth Circuit, a plaintiff's claims lack a "colorable basis" only when recovery against the non-diverse defendant is impossible:

> There can be no fraudulent joinder unless it *be clear that there can be no recovery* under the law of the state on the cause alleged or on the facts in view of the law. . . . One or the other at least would be required before it could be said that there was no real intention to get a joint judgment, and that there was no colorable ground for so claiming.

*Walker*, 443 F. App'x at 951 (quoting *Bobby Jones Garden Apts., Inc. v. Suleski*, 391 F.2d 172, 176 (5th Cir. 1968)) (emphasis added). This Court must resolve all disputed facts and state law ambiguities in favor of the non-removing party. *Coyne*, 183 F.3d at 493. Thus, if any one of Plaintiffs' claims against Stryker are colorable, this case must be remanded.

### *Applicable Standard of Review*

In determining whether a claim is colorable, this Court may resolve the issue in one of two ways: (1) apply a test "similar to, but more lenient than, the analysis applicable to a Rule 12(b)(6) motion"; or (2) pierce the pleadings and conduct a summary inquiry akin to that under Rule 56 where an undisputed factual inaccuracy or insufficiency in Plaintiffs' claim against the in-state defendant, Stryker, is the basis for removal. *Id.* at 953, 56. A summary inquiry, however, is not concerned with whether the plaintiff has adequate *evidentiary* support. *Walker*, 433 F. App'x at 956. Instead, a summary inquiry is only appropriate where the factual matter at issue is undisputed; the court need not decide, before the parties have engaged in discovery, which party's "self-serving and conclusory affidavit[s] are truthful and accurate." *Id.* at 955.

4

Here, there is no apparent misstatement or omission of facts that determine the propriety of Stryker's joinder. *See id.* at 953 (quoting *Smallwood v. Illinois Cent. R. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (explaining both approaches to fraudulent joinder analysis and explaining that a summary inquiry is appropriate in "cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder"). The parties dispute whether Stryker manufactured the Device, and Plaintiffs' Complaint alleges that Stryker itself accepted responsibility for manufacturing the product before this case was filed. (ECF No. 1-5, PageID# 52, ¶ 12). Each party advances its own version of the facts in self-serving affidavits and asks the Court to make a substantive, factual determination before any discovery has been exchanged. This is the very kind of situation that the Sixth Circuit advises district courts to avoid. *Walker v. Philip Morris USA, Inc.*, 433 F. App'x 946, 955 (6th Cir. 2011).

Moreover, the affidavit attached to HOC's Opposition does not illuminate any of the issues before the Court. HOC's affiant, Robert Cummings, is a non-party employed by a non-party entity, who fails to establish the basis of his personal knowledge aside from baldly alleging "personal knowledge" (ECF No. 8-1, PageID# 215, ¶ 1); his affidavit alleges no facts from which this Court can infer personal knowledge.[1] *See Reddy v. Good Samaritan Hosp. & Health Ctr.*, 137 F. Supp. 2d 948, 956 (S.D. Ohio 2000) (finding that affidavits must either expressly state the basis for the facts or provide enough substance to permit an inference of personal knowledge); *Yeazel v. Baxter Healthcare Corp.*, No.1:09-hc-60186, MDL No. 1953, 2011 WL 711453, at *2 (N.D. Ohio Feb. 22, 2011) (explaining that affidavits must be based on the affiant's personal knowledge).

---

[1] Cummings states that he works for "Stryker Employment LLC," a Stryker subsidiary, and then attests to facts that are apparently unrelated to his employer or position. HOC's reliance on an affidavit made by an employee of a different wholly-owned Stryker subsidiary, while also attempting to sever its own connection to Stryker as a wholly-owned subsidiary, ultimately raises more questions of fact regarding Stryker's involvement in this matter than it resolves.

Since the facts of this case are in dispute, the Court must apply the analysis akin to a Rule 12(b)(6) Motion to Dismiss. *Walker v. Philip Morris USA, Inc.*, 433 F. App'x 946, 953 (6th Cir. 2011) ("A summary inquiry is appropriate only to identify the presence of *discrete and undisputed facts* that would preclude plaintiff's recovery against the in-state defendant."). Under that standard, this Court must look to the relevant Ohio law to evaluate whether any of Plaintiffs' claims are colorable. Plaintiffs' complaint sets forth eleven causes of action: (1) negligence; (2) res ipsa loquitur; (3) loss of consortium; (4) negligence per se; (5) breach of express warranty; (6) breach of warranty of fitness; (7) breach of implied warranty of merchantability; (8) failure to warn; (9) manufacturer's strict products liability; (10) breach of Ohio Consumer Sales Practices Act; and (11) fraud (ECF. 1-5, PageID# 57–67, ¶ 28–90). Plaintiffs' assertion that Stryker manufactured the Device underlies most of their individual claims against Defendants. (ECF No. 1-5, PageID# 63–64, ¶ 64–70).

### *Plaintiffs' Complaint alleges at least one colorable claim against Stryker*

The Court's inquiry can begin and end with the manufacturer's strict products liability claim, which is governed by the Ohio Products Liability Act (the "OPLA"). The OPLA codifies manufacturer and supplier products liability and abrogates all common law product liability causes of action. *Wimbush v. Wyeth*, 619 F.3d 632, 637 (6th Cir. 2010). To find liability under the OPLA, Plaintiffs must show that "when [the Device] left the control of its manufacturer, it deviated in a material way from . . . performance standards of the manufacturer, or from otherwise identical units manufactured to the same design specifications." O.R.C. § 2307.74. "[The Device] may be defective in manufacture . . . even though its manufacturer exercised all possible care in its manufacture." *Id.*

6

Under the OPLA, a manufacturer is "engaged in a business to design, formulate, produce, create, make, construct, assemble, or rebuild a product or a component of a product." O.R.C. § 2307.71(A)(9). Defendants admit in their Notice of Removal that HOC controlled, designed, manufactured, and marketed the Device. (ECF No. 1, PageID# 2, ¶ 3). Although Plaintiffs do not dispute that HOC is a manufacturer, Plaintiffs allege that Stryker is also a manufacturer. (ECF No. 1-5, PageID# 62, ¶ 60).

Plaintiffs' Complaint repeatedly alleges that Stryker manufactured the Device, and states that Stryker took ownership of the Device when Plaintiffs informed Stryker of Ms. Mohler's injury. (ECF No. 1-5, PageID# 52, ¶ 12, Exh. A). The Complaint also alleges that the Device was dangerous and defective (*id.* at PageID# 63, ¶ 65), did not conform to Defendants' public representations about the Device (*id.* at ¶ 66A), was "defective when it left Defendant's control," (*id.* at ¶ 66B), did not work as intended (*id.* at ¶ 66C), caused Ms. Mohler consistent, intractable pain (*id.* at ¶ 66D), and caused a loss of Ms. Mohler's enjoyment of her daily life (*id.* at ¶ 66E).

Plaintiffs' Motion to Remand further alleges that, even if Stryker did not actually manufacture the Device, it held out the Device as its own and is therefore liable under an apparent manufacturer theory (ECF No. 10, PageID# 228). The apparent manufacturer doctrine provides:

> One puts out a chattel as his own product when he puts it out under his name or affixes to it his trade name or trademark. When such identification is referred to on the label as an indication of the quality or wholesomeness of the chattel, there is an added emphasis that the user can rely upon the reputation of the person so identified.

Restatement (Second) Torts § 400 (Am. L. Inst. 1965).

This tort theory is reflected in the OPLA, where a supplier, as defined in the OPLA,[2] will be liable as if it were a manufacturer under the OPLA when the product's actual manufacturer is or would be subject to liability under the Act, and when at least one other condition is satisfied. O.R.C. § 2307.78(B). Relevant here, Stryker could be liable to Plaintiffs under the OLPA if HOC is liable under the Act and (1) Stryker owns HOC; (2) Stryker is involved in the Device's design; or (3) Stryker marketed the Device under its own label or trade name. O.R.C. § 2307.78(B)(3), (5) & (7). The Ohio Supreme Court has clarified that suppliers must "exert some control over the product as a prerequisite to supplier liability." *Stiner v. Amazon.com, Inc.*, 164 N.E.3d 394, 399 (Ohio 2020).

Plaintiffs allege that Defendants collectively supplied the Device to Plaintiff Charlotte Mohler's medical provider. (ECF No. 1-5, PageID# 64, ¶ 73). Defendants admit that HOC is a wholly-owned subsidiary of Stryker Corp. (ECF No. 1, PageID# 3, ¶ 10). Defendants also admit that "HOC licenses the 'Stryker' brand name for use on its orthopedic and spinal products" (ECF. No. 1, PageID# 5–6, ¶ 19). Further, Plaintiffs sent a letter to Stryker soon after the injury; it was addressed to its product liability department, because Plaintiffs observed the "Stryker" name affixed to the Device, and Stryker took ownership of the Device at that time. (ECF No. 1-5, PageID# 52, ¶ 12). Plaintiffs use these facts to illustrate that information regarding the Device readily observable to consumers leads consumers to think that Stryker is the manufacturer. (ECF No. 10, PageID# 229).

HOC admits that it manufactured the device, and there is no dispute that the "Stryker" brand name appears on the Device. As such, Plaintiffs' Complaint sets forth at least one colorable

---

[2] Ohio Rev. Code Ann. § 2307.71(A)(15)(a)(i) defines "supplier," which includes "a person that, in the course of a business conducted for the purpose, sells, sells, distributes, leases, prepares, blends, packages, labels, or otherwise participates in the placing of a product in the stream of commerce."

claim against Stryker under the OPLA, and HOC cannot show fraudulent joinder because it is at least possible for Plaintiffs to recover against Stryker. To the extent that HOC disputes whether Stryker *should* be liable to Plaintiffs, the facts underlying that dispute must be resolved in Plaintiffs' favor. *See Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) (explaining that the Court must resolve all disputed facts and state law ambiguities in favor of the non-removing party).

## CONCLUSION

This Court cannot disregard Stryker's corporate citizenship. This Court may only disregard a party's citizenship when Defendants provide sufficient evidence that Plaintiffs have no possibility of recovering on their state law claims. *Id.* at 492. Because a limited review of Plaintiffs' claims against Stryker reveals that recovery against Stryker on at least one of Plaintiffs' claims is possible, Stryker is not fraudulently joined in this action. *Walker v. Philip Morris USA, Inc.* 443 F. App'x 946, 951 (6th Cir. 2011). This Court therefore lacks jurisdiction over this action, and Plaintiff's Motion to Remand to State Court must be granted. Whether Plaintiffs' claims against Stryker are truly frivolous is a matter for the state court to decide. *See Myers Indus., Inc. v. Young*, No. 5:13-cv-01278, 2013 WL 4431250, at *3 (N.D. Ohio Aug. 16, 2013).

For the foregoing reasons, this Court **GRANTS** Plaintiff's Motion to Remand. This matter is hereby **REMANDED** to state court.

**IT IS SO ORDERED.**

**Dated: March 13, 2023**

_____
**CHARLES E. FLEMING**
**U.S. DISTRICT COURT JUDGE**

9